## THE CONSOLIDATED COAL COMPANY OF ST. LOUIS

v.

## JOSHUA S. PEERS AND ADELINE C. PEERS.

| 39 | 453 |
| 150s | 344 |
| 39 | 453 |
| 59 | 600 |
| 39 | 453 |
| 60 | 506 |

*Landlord and Tenant—Lease of Coal Lands—Royalty—Action for Recovery of—Guaranty.*

1. After an assignment over, the assignee of a lease will continue liable upon any express covenants therein entered into by him in the assignment to himself.

2. Where by the terms of a lease payments are to be made in monthly installments, an action may be brought to recover for more than one month, and the plaintiff is not required to wait until the expiration of any particular year or time longer than a month before bringing suit.

[Opinion filed June 9, 1891.]

APPEAL from the Circuit Court of Madison County; the Hon. W. H. SNYDER, Judge, presiding.

Mr. CHARLES W. THOMAS, for appellant.

Messrs. JOHN G. IRWIN and KROME & HADLEY, for appellee.

PHILLIPS, P. J.   On the 17th day of December, 1870, appellees leased to the Abbey Coal & Mining Company for a term of twenty-five years, certain lands, the lessee to pay a royalty of three-eighths of a cent per bushel for all coal mined with certain exceptions, and to guarantee a yearly royalty of not less than $1,200 after the expiration of the first twelve months, and if no coal should be mined the lessee should pay monthly an installment of $100 on their guarantee of $1,200 per year.   These payments were to be considered as royalty advanced, and the lessee was to have the right to mine coal to the extent of the royalty paid, but the royalty should not be less than $100 per month.   On the 11th of August, 1886, the Abbey Coal & Mining Company, by deed, conveyed all its interest to the appellant, and by the terms of that conveyance the appellant took the same subject to the agreements in the lease mentioned to be performed by the lessee therein.   The appellant accepted the assignment thus made and thereby became the tenant of appellees.   On the 26th day of September, 1888, the appellees commenced their action upon the guarantee in the lease, signed by the Abbey Coal & Mining Company, and the assignment was made to the appellant to recover the royalty guaranteed for the year beginning September 17, 1887, and ending September 17, 1888.   It was insisted, first, that as the lease was made on the 17th day of December, and being so described in the declaration, that the year for which a recovery could be had must be a year ending December 17th, and not ending September 17th.   By the terms of the lease payments were to be made in monthly installments.   An action may be brought to recover for more than one month, and the plaintiff is not required to wait until the expiration of any particular

year or time longer than a month before bringing suit, and it was not error to unite in the declaration a claim for more than one month, and for a term of one year from the time of last payment. It was next insisted by appellant that it assigned all the interest it acquired in the lease to one Jacob Lasurs, on the 11th day of August, 1886, and that by that assignment Lasurs acquired all the rights in the leasehold ever acquired by the defendant, and that said assignment was made on November 28, 1887, and the appellant requested the court to hold the following proposition as law: "If the court believes from the evidence that the defendant, in November or December, 1887, by an instrument in writing, assigned and transferred to one Jacob Lasurs all its right and title and interest as assignee of the lessee in the lease in the declaration mentioned, and set over to said Lasurs its leasehold estate under said lease, then the plaintiff can not recover in this cause," which the court refused to hold. By the terms of this agreement the Abbey Coal & Mining Company entered into a covenant to pay monthly installments of $100 as royalty at the rate of three-eighths of a cent per bushel for all coal mined, and by their covenant, if no coal should be mined the lessee was to pay monthly installments of $100 per month as an advanced royalty.

This covenant on the part of the Abbey Coal & Mining Company is more than a mere acceptance of a lease of premises and imposes on it a duty other than the payment of rent. It is a contract binding on it that it is not at liberty to disregard of its own motion, and it can not discharge itself from liability. By the terms of the deed made by the Abbey Coal & Mining Company to the appellant, the Consolidated Coal Company of St. Louis, the appellant accepted the conveyance of these premises so leased with other premises and took the same subject to the agreements in the lease mentioned as made by appellees to the Abbey Coal & Mining Company, which agreements were to be performed by appellant. By the acceptance of that deed, appellant, by its covenants, entered into the agreements to be done and performed by the Abbey Coal & Mining Company, and became liable to appel-

lees to the same extent as the Abbey Coal & Mining Com-
pany was liable, and by the terms of its covenants, could not,
by an assignment of its interest to Lasurs, discharge itself
from the obligations of the covenant so entered into. After
an assignment over, the assignee of a lease will continue
liable upon any express covenant entered into by him in the
assignment to himself, and in this assignment the appellant,
by its acceptance of the deed of the Abbey Coal & Mining
Company, had entered into an express agreement to comply
with the terms of the lease from which it can not discharge
itself by an assignment over to Lasurs. It was not error to
refuse to hold the proposition as asked. The evidence war-
rants the verdict, and the assignment over not being a dis-
charge from liability of appellant, the judgment must be
affirmed.

*Judgment affirmed.*