Readey v. American Brewing Co.

---

## Peter Readey v. American Brewing Company.

1. LEASE—*Assignment and Re-assignment—Liability of Second Assignee.*—An assignee of a lease may, by re-assignment, divest himself of all liability upon the lease.

2. DISTRESS FOR RENT—*Relation of Landlord and Tenant Must Exist.*—There can be no distress unless the relation of landlord and tenant exists, and there is a certain fixed rent in money, produce or services, payable at a certain time.

**Distress for Rent.**—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

b

WILBUR & HAUZE, attorneys for appellant; C. S. DARROW of counsel.

MORAN, KRAUS & MAYER, attorneys for appellee, contended that distress will lie only by a landlord against a tenant. The liabilities and duties of the lessee as a tenant cease when he makes an assignment of the lease. So, also, even where the assignee has in turn made a covenant to pay rent, his liability as a tenant ceases on an assignment over.

The relation of landlord and tenant, which must exist in order to sustain distress under the statute, does not exist unless there is both privity of estate, *i. e.*, possession or right to possession, and privity of contract, express or implied, recognizing and authorizing possession or the right to possession as a tenant. Marr v. Ray, 151 Ill. 340; Murr v. Glover, 34 Ill. App. 373.

The definitions given by text-writers, and precedents, show that such are the essential elements to the existence and continuance of the relation of landlord and tenant.

"A tenant is one who occupies the lands or premises of another, in subordination of that other's title, and with his assent, express or implied." 1 Wood, Landlord and Tenant, Sec. 1.

So an assignor of a lease can not distrain, though his assignment be in the form of a lease reserving rent, for he has no privity of estate with his assignee, being merely in privity of contract. Tiedeman on Real Property, Sec. 182, p. 118; Parmenter v. Webber, 8 Taunt. 593; Davis v. Morris, 36 N. Y. 574; Wallbridge v. Pruden, 102 Pa. St. 1.

The position of the lessee or assignee after assignment over is strictly collateral, like that of a surety or guarantor. 1 Wood, Land. & Ten., Sec. 347.

The effect of an assignment is *to make the lessee a surety to the lessor for the assignee;* who, as between himself and the lessor, is the principal, bound *while he is an assignee* to pay the rent and perform the covenants. Wolveridge v. Steward, 1 Cr. & M. 659; Taylor, Landlord and Tenant, Secs. 14, 438, 444, 452, 453, 454; 12 Am. and Eng. Ency. Law, p. 660.

To be a *tenant*, one must actually hold land under another, or at least have the *possessory right* to occupy the same. He must hold land in privity of estate with the one claiming rights over him as landlord. Coles v. Marquand, 2 Hill 447.

When a lessee or an assignee has assigned he is no longer a *tenant* of the lessor. No action can be brought against him which depends upon a privity of estate. Bliss v. Gardner, 2 Ill. App. 422; Fletcher v. McFarlane, 12 Mass. 43.

All liability of appellee ceased on the assignment of the lease by it.

The law is well settled that an assignee of a lease by reassignment, divesting himself of all privity of estate, frees himself from all liability on the lease. Odell v. Wake, 3 Camp. 394; Chancellor v. Poole, 2 Doug. 764; Barnfather v. Jordan, 2 Doug. 452; Negley v. Morgan, 46 Pa. St. 281; Johnson v. Sherman, 15 Cal. 290; St. Louis Public Schools v. Boatman's Ins. Co., 5 Mo. App. 91; Dengler v. Michelson, 76 Cal. 125; Sutliff v. Atwood, 15 Ohio St. 186; Forepaugh v. Westfall, 58 N. W. Rep. 689; 1 Wood, Land. & Ten., Secs. 305, 346, 350; Taylor, Land. & Ten., Secs. 438, 452; 1 Woodfall, Land. & Ten., p. 322, Am. Ed.; Congregational Society of Sharon v. Rix, 17 Atl. 719; 1 Washburn, Real Property, 326; Howland v. Coffin, 9 Pick. 51; Valliant v. Dodemede, 2 Ark. 546; Chancellor v. Poole, 2 Doug. 764; Odell v. Wake, 3 Camp. 394.

Mr. Justice Waterman delivered the opinion of the Court.

Appellant leased certain premises to the Oberman Brewing Company. Among the conditions of the lease was the following, which provided that the lessee "would not sub-let any part of the premises, nor assign this lease without in each case the written consent of the party of the first part first had, and will not permit any transfer by operation of law of the interest in said premises, acquired through this lease, and all the parties to this lease agree that the covenants and agreements herein contained shall be binding

upon their respective heirs, executors, administrators and assigns."

The Oberman Brewing Company, with the consent of appellant, by the following papers, assigned the lease to appellee:

"ASSIGNMENT AND ACCEPTANCE.

For value received we hereby assign all our right, title and interest in and to the within lease unto American Brewing Company, —— heirs and assigns, and in consideration of the consent to this assignment by the lessor, we guarantee the performance by said American Brewing Company of all the covenants on the part of the second party in said lease mentioned.

In consideration of the above assignment and the written consent of the party of the first part thereto, we hereby assume and agree to make all of the payments and perform all the covenants and conditions of the within lease, by said party of the second part to be made and performed.

Witness our hands and seals this —— day of December, A. D. 1892.

J. OBERMAN BRG. Co., [SEAL.]<br>By GEO. J. OBERMAN, [SEAL.]<br>Pres't."

(Corporate Seal, J. OBERMAN BREWING COMPANY.)

CONSENT TO ASSIGNMENT.

I hereby consent to the assignment of the within lease to the American Brewing Company on the express condition, however, that the assignor shall remain liable for the prompt payment of the rent and performance of the covenants on the part of the second party as therein mentioned.

Witness my hand and seal this 10th day of September, A. D. 1892.

PETER READEY. [SEAL.]

Witness, ERNEST KRETZ."

Appellee paid the rent up to the time the assignment, shown by the following agreement, was made:

"Chicago, Illinois, February 28, 1894.

For value received we hereby sell, transfer and assign

to August H. Hardkop, his heirs and assigns, all our right, title and interest in and to a certain lease of the first floor of the building at northeast corner of Ogden avenue and California avenue, Chicago, Illinois, with the hall, building and garden and ice-house situated on the east of and also in the rear of said building, with flat number 1 (one) situated on the second floor of said building, being a lease executed November 1, 1891, by Peter Readey as lessor, to the J. Oberman Brewing Company as lessee, of the said premises, and which lease is for a term from the first day of January, A. D. 1892, until the thirtieth day of April, A. D. 1895.

American Brewing Company.

By Gustav Hessert, Jr., Secretary."

(Corporate Seal.)

" Chicago, Ill., February 28, 1894.

I hereby accept the above sale, transfer and assignment of the lease above described.

August H. Hardkop.   [Seal.]

Witnessed by Alfred S. Austrian."

The rent accruing thereafter not being paid, appellant distrained upon the goods of appellee.

It is insisted by appellant that the ordinary rule that an assignee of a lease may relieve himself of obligation by assigning to a third party, is not here applicable, because, the lease containing a provision that it should be binding upon the assigns of the parties thereto, all its covenants became binding upon appellee when it voluntarily became an assignee thereof, and as the lease could not have been assigned by the original lessee without the consent of appellant, it could not be assigned by appellee without such consent; it having, it is urged, made itself a party to and agreed to perform and be bound by all the covenants of the lease.

There is nothing in the record here presented, tending to show that appellee, in taking an assignment of this lease, intended to undertake to perform the covenants thereof; on the contrary, the fact that the condition that the assignor should remain liable for the performance of the covenants was expressly inserted in the assignment of appellee, and

the printed clause in the blank against a further assignment without leave of the lessor, stricken out, tend to show that appellant and appellee understood that appellee did not become responsible for the fulfillment of the covenants of the lease.

We have been referred to no case wherein it has been held that the insertion in the lease of a provision that its covenants are binding upon the heirs and assigns of the parties, renders them liable for the performance of such covenants.

In the assignment under consideration in the case of Kew v. Trainor, 150 Ill. 150, the license to assign was expressly limited to a particular person, O. G. F. Russell, and on the condition that no further assignment of the lease should be made without the written assent of the lessor, and, in addition, Russell, the assignee, covenanted that on consideration of the license he would " perform all the covenants and conditions of the original lease to be kept and performed by the lessee."

In the case of Consolidated Coal Co. v. Peers, 39 Ill. App. 453, the court found that there was an express agreement by the assignee to perform the undertakings of the lessee; the language of such agreement is not set forth, but the court finds it to exist; we find no such agreement in the present case.

That an assignee of a lease may, by re-assignment, divest himself of all liability upon the lease, is well established. 1 Wood, Land. & Ten., Sec. 346; Taylor, Land & Ten., Sec. 452; 1 Woodfall, Land. & Ten., p. 422, Am. Ed.; Sexton v. Chicago Storage Co., 129 Ill. 318; Chicago Attachment Co. v. Davis S. M. Co., 142 Ill. 171–178.

The judgment of the Superior Court is affirmed.