## Warren Springer v. The Chicago Real Estate L. & T. Co.

1. CORPORATIONS—*Right to Hold Real Estate Can Only Be Raised by the State.*—If a corporation has power to hold real estate for any purpose, a deed to it passes the title of the grantor, and whether it has exceeded its powers in accepting the conveyance, is a question which can only be raised by the State.

2. LEASE—*Powers and Rights of Assignees.*—An assignee of a lease, in the absence of any restraint in the instrument, can re-assign to whomsoever he chooses and relieve himself of responsibility for future accruing rent.

3. TRIALS—*By the Court without a Jury, When Its Findings Will Not Be Set Aside.*—When a trial is by the court without a jury, and the court sees and hears the witnesses while they are giving their testimony before it, its findings upon questions of fact will not be set aside on appeal, unless such findings are clearly and manifestly against the preponderance of the evidence.

4. LANDLORD AND TENANT—*Assignment of a Lease, Contrary to Its Restrictions, Voidable Only.*—The assignment of a lease by the lessee, contrary to a restriction against assignments, is not void, but voidable only, and the lessor may waive the condition; and although he may declare a forfeiture for a breach of covenant, he may, on the contrary,

insist upon the lessee's fulfilling each and every of the covenants, conditions and provisions of his lease.

**Bill for Relief.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

**Statement.**—January 30, 1888, George F. Harding made a lease to Owen McCabe of lots 1 and 2 in Block 61, and lots 17 and 18 in block 62, School Section Addition to Chicago, with buildings and improvements thereon. The lease was from May 1, 1889, to April 30, 1919. The property is located on South Canal street, about two blocks north of Twelfth street, and has about 255 feet frontage on South Canal street.

McCabe went. into possession of the property shortly after the lease was made and remained in possession until about the 24th of June, 1889, when he assigned his interest in the premises to Warren Springer, who, it is admitted, remained in possession of the property until about April 30, 1899, when he claims he assigned the lease to Benjamin E. Harris.

The lease provides that the rent for the first five years of the term shall be $141.67 per month, and that during the balance of the term of thirty years it shall be four per cent per annum upon the appraised valuation of the land, an appraisement to be made for five years, and without reference to the buildings and improvements on the property. The lease provided that the appraised value shall at no time be less than $42,500, nor the monthly rental less than $141.67. In April, 1888, an agreement was made between Harding and McCabe that there should be no revaluation at the end of the first five year period, but that the rate of interest on the valuation after that time should be five per cent, as provided in the lease. The lease contains the following provision :

" It is further agreed that sixty days prior to the end of each of said periods of five years, unless the parties hereto or their representatives can then agree upon the valuation

to be made upon said lands for the next period of five years, for the purpose of determining the amount of the rental, such valuation shall be determined by the appraisers to be appointed and selected in the same manner as heretofore designated for appraising the value of said buildings and improvements."

As to ascertaining the value of the buildings the lease provides:

"If the parties hereto or their representatives can not agree upon their value (meaning the value of the buildings) they shall be appraised at their then value to the then owner of said lands, such value to be appraised by three disinterested appraisers, one to be appointed by each of the parties hereto or their representatives, the third party to be selected by the two appointed."

And as to the payment of rent, the lease contains the following:

"And the party of the second part (Owen McCabe), in consideration of the leasing of the premises aforesaid by the said party of the first part to the said party of the second part, does covenant and agree with said party of the first part, his heirs, executors, administrators and assigns, to pay to the said party of the first part as rent for said demised premises at the office of the said party of the first part, or his representatives, in said city of Chicago, for the first period of five years, $141.67 per month," etc.

The lease contains the following provisions:

"It is further agreed by the party of the second part that neither he nor his legal representatives, will underlet said premises or any part thereof, or assign this lease without the written assent of said party of the first part, had and obtained thereto."

And the following:

"It is further understood and agreed, that all the rights, duties, obligations, conditions and covenants imposed or conferred by this lease shall extend to and be binding upon the heirs, executors, administrators and assigns of the parties to these presents, respectively."

In the assignment from McCabe to Springer the following was a part thereof:

"In consideration of the sum of fifty-five hundred ($5,500)

Springer v. Chicago Real Estate Loan & Trust Co.

dollars, in hand paid, the receipt of which is hereby acknowl-edged, I hereby sell, assign, transfer and deliver to Warren Springer all my right, title and interest in and to the lease-hold interest in the following described premises, to wit: Lots 1 and 2 in block 61, and lots 17 and 18 in block 62 of School Section Addition to Chicago, as evidenced by lease from George F. Harding, of Chicago, Illinois, to Owen McCabe, dated the 30th day of January, A. D. 1888."

The assignment contained the following provision:

" Provided further, that the said Warren Springer assumes and agrees to pay all taxes and assessments now liens on said premises, or which may hereafter become liens, and for which the said McCabe is liable, or may become liable, under the terms of the lease from said Harding; and pro-vided further, that said McCabe is hereby released from all responsibility or liability for the non-performance of the covenants of said lease from said Harding to said McCabe by said Warren Springer, assignee hereof.

In witness whereof, the said Owen McCabe has hereunto set his hand and seal, this 24th day of June, A. D. 1899.

OWEN McCABE.    [SEAL.]"

Upon this assignment is this acceptance:

" And in token of acceptance of the terms of said assign-ment, the said Warren Springer has also hereunto set his hand and seal, this 24th day of June, A. D. 1889.

WARREN SPRINGER.·  [SEAL.]"

The following assent was placed thereon:

" I, the undersigned, George F. Harding, consent that Owen McCabe may assign to Warren Springer a certain lease made between me and said McCabe, bearing date Jan-uary 30th, 1888, for lots Nos. 1 and 2, block 61, and lots 17 and 18, block 62, of School Section Addition to Chicago; and in the event of said assignment being made, I agree to look to the said Warren Springer for payment of all rents reserved by said lease accruing after this; but the said assignment shall not operate to release the said McCabe from any liability whatsoever under said lease, and the said assignment to said Springer is to be subject wholly to each and every of the covenants, conditions and provisions of said lease; and provided further, that no further assign-ment of said lease shall be made without my written consent.

June 24th, 1889.

GEORGE F. HARDING."

.In February, 1899, the complainant notified Springer that it was ready to make an appraisement of this property for the ensuing five years, and that it had appointed John R. Davis as an arbitrator, and requested Springer to appoint an arbitrator. A little later Springer notified the complainant that he had appointed Arthur L. Kemper as an appraiser. From that time until the following August various letters were written between the parties concerning the appraisement, but no appraisement was ever made by the parties appointed, and on the 11th day of November, 1899, complainant filed its bill in this cause, asking the court to fix the value of the property for the ensuing five years.

The bill charges that on the 5th of December, 1899, George F. Harding conveyed his interest in the premises to George F. Harding, Jr., and that at a later period George F. Harding, Jr., conveyed the property in question to the complainant, which is now the owner of the same.

In his answer, Springer asserted that he had not been in possession of the premises for many months, and had made an assignment of whatever interest he had had in the premises, and that this assignment was then on record in the recorder's office of Cook county. McCabe was defaulted for want of an answer to the bill. October 30, 1900, the complainant obtained leave of the court to and did file an amendment to the bill; the answer of Springer was allowed to stand to the amendment. By this last amendment the complainant asked that it be allowed its costs and expenses incurred in the prosecution of this suit, and for the fixing and collection of the rent. The court found the value of the property to be $57,375, being at the rate of $225 per foot on the South Canal street frontage, and fixed the rent for the ensuing five years at $2,870 per annum, or $240.93 per month. And further found that the alleged assignment by Springer to Benjamin Harris of all his right, title and interest in said premises, dated April 30, 1899, with an acknowledgment by Springer of the same date, and recorded in the office of the recorder of Cook county, was a fictitious and fraudulent assignment by Springer, and never delivered to

said assignee, Harris; and that the alleged possession of the premises in question by said Harris, and the alleged collection of rents from the tenants upon said leasehold premises and the alleged payment of rents to the complainant by said Springer, claiming and purporting to act as agent for said Harris, were and are fraudulent, so far as they purport to be, or are claimed to have been, acts by said Springer as agent for said Harris, and under said fictitious assignment. And the court further found that it is and was untrue as alleged in the answer of Springer, January 6, A. D. 1900, that he had not been in possession of the premises for many months last past, and in accordance with such finding, the court entered a decree fixing the rent at $240.93 per month, and that the same should be paid by Warren Springer.

W. N. GEMMILL, attorney for appellant.

WM. J. AMMEN, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

If a corporation has power to hold real estate for any purpose, a deed to it passes the title of the grantor; and whether it exceeded its powers in accepting the conveyance is a question which can be raised only by the state. Cooney v. Booth Packing Co., 169 Ill. 370.

For the purposes of this litigation it must, therefore, be assumed that appellee has the legal title to the premises under consideration.

An assignee of a lease, in the absence of any restraint in the instruments under which he became a lessee, can re-assign to whomever he choose, be he ever so irresponsible, and thus relieve himself of responsibility for future accruing rent. Ready v. American Brewing Co., 60 Ill. App. 501.

In the present case appellant claims that he had a right to and has re-assigned and thereby absolved himself from all obligation under the lease as to rent accruing after the assignment by him.

In the lease there is a clause forbidding assignment, without the written consent of the lessor. Consent to the assignment to Springer having been given, he insists that

the lease thus became assignable indefinitely without further assent by Harding. In agreeing to the assignment to Springer the lessor distinctly provided that no further assignment should be made without his written consent. We see no reason why he might not thus restrict further assignments. Springer took the lease with full knowledge of this restriction and it is binding upon him. Kew v. Trainor, 50 Ill. App. 629; same v. same, 150 Ill. 150; Williamson v. Williamson, L. R., 9 Ch. Appeal Cases, 729; Haywood v. Silber, L. R., 30 Ch. Div. 404.

Such restriction is not a contract which the law forbids parties to agree to.

The chancellor saw and heard the witnesses who testified as to the alleged assignment to Benjamin E. Harris and as to the value of the property.

When the trial court sees and hears the witnesses while they are orally giving their testimony before it, the findings of the court upon questions of fact will not be set aside on appeal unless such findings are clearly and manifestly against the preponderance of the evidence. Lane v. Lesser, 135 Ill. 567–573; Coari v. Olsen, 91 Ill. 273; Loucheim v. Seyfarth, 49 Ill. App. 561.

In the present case it appears that notwithstanding the making and recording of an assignment of the lease by Springer, he has continued and still is in control of the premises; he says that he is collecting rent thereof and paying rent to the owner of the premises merely as agent for his assignee, Harris. Such continued control, collection and payment, as well as the absence of evidence showing that Harris has ever done anything more than to receive the assignment, give his note for $500 therefor and in a short time receive it back, tends to sustain the finding of the chancellor in this regard. It is true that whether Harris paid anything or was paid to take the assignment is, in a sense, immaterial, but upon the question as to whether there was an actual transfer by Springer of all his interest in the lease, all the facts attending such alleged transfer may be considered by the chancellor.

We see no sufficient reason for setting aside his conclu-

sion as to either of these disputed matters. Nor are we of the opinion that a landlord in case of an attempted assignment by a lessee of a lease containing a restriction against assignment must either acquiesce in the attempted assignment and recognize it as valid, or proceed to forfeit for violation of covenants. If such were the case an assignee of a lease could always avoid the restriction; as either the lessor must recognize the validity of the attempted assignment or forfeit the lease and thus rid the assignee of the obligation to pay future accruing rent.

That an invalid assignment is not void but voidable only, that is, that a landlord may waive the restriction inserted for his benefit, is undoubtedly the case (Webster v. Nichols, 104 Ill. 160), but a landlord, although he may have a right so to do, is not bound to declare a forfeiture for breach of a covenant; on the contrary, he may insist upon a tenant fulfilling his obligations.

Whether the court would, after it had substantially determined upon its decree, allow an amendment of the bill, was a matter of discretion.

As between McCabe and Springer, the latter did become, by the assignment to him, liable for all taxes and assessments, liens on said premises; this he directly agreed to by accepting the assignment with such agreement therein. The assent of Harding to the assignment to Springer reads, " and the said assignment to Springer is to be subject wholly to each and every of the covenants, conditions and provisions of said lease."

This, it is contended by appellee, with the acceptance by Springer, amounted to a covenant by him to perform all the covenants of the lease during the entire term thereof. The decree finds that Springer, by accepting the assignment. became bound to perform the covenants of the lease as fully as McCabe was bound by the lease.

The covenants of the lease to be performed by the lessee are substantially all for the payment of rent, or that which is equivalent thereto. So long as a privity of estate exists between appellant and appellee, so long is appellant bound

to pay the rent; if he can rid himself of the lease, destroy the privity of estate, he will, as between himself and the owner of the estate, be no longer bound to pay rent; this he can do by making a valid assignment and obtaining thereto the assent of the owner of the legal title to the premises.   Consolidated Coal Co. v. Peers, 166 Ill. 361.

The decree of the Superior Court is therefore modified by striking therefrom the finding that Springer became, by accepting the assignment, bound to perform the covenants of said lease as fully as McCabe was bound by the lease; otherwise the decree is affirmed.