### WARREN SPRINGER
*v.*
### FRANCES DEWOLF.

*Opinion filed December 18, 1901—Rehearing denied February 5, 1902.*

1. LEASES—*there is no privity of contract unless assignee of lease assumes lessee's obligations.* If there is no assumption by the assignee of a lease of the obligations of the lease, then, as between the lessor and the assignee, there is privity of estate only, and the assignee is liable for rent only while such privity of estate continues, and may terminate such liability by assigning the lease and going out of possession.

2. SAME—*when assignee assumes obligations of lease.* If the conveyance of the lessee's interest, to which the lessor consented, recites that the lessee, for a certain sum "and in consideration of the assumption" by the assignee "of all the obligations and liabilities of the lessee arising out of the lease," has sold, assigned and transferred the leasehold estate to the assignee, then there is privity of contract between the lessor and the assignee, which the latter cannot terminate by assigning lease and surrendering possession.

*Springer* v. *De Wolf*, 93 Ill. App. 260, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

W. N. GEMMILL, for appellant.

PADDOCK & BILLINGS, for appellee.

Per CURIAM: The Branch Appellate Court, in affirming, on appeal, the decree of the superior court, made the statement and rendered the opinion following:

"In this case a bill was filed by appellee to foreclose a lien for rent under a ninety-nine-year ground lease of the premises known as 188 Monroe street, Chicago. Said lease is dated November 24, 1888, and is by Calvin DeWolf, lessor, to William E. Slosson, lessee. The fee simple title to said premises passed by conveyance from Calvin DeWolf to Wallace DeWolf, and from the latter

to the appellee, prior to the filing of said bill. April 4, 1899, said Slosson executed and delivered to the appellant the following transfer or conveyance, to-wit:

" 'For fifteen hundred ($1500) dollars in hand paid by Warren Springer, of Chicago, Illinois, to William E. Slosson, lessee in the within lease, and in consideration of the assumption by the said Warren Springer of all the obligations and liabilities of the lessee arising under said lease, the said William E. Slosson and Katie F. Slosson, his wife, have sold, assigned and transferred, and do hereby sell, assign and transfer, to the said Warren Springer, all the right, title and interest of the lessee herein in and to the within described premises, with all the rights, privileges and appurtenances thereunto belonging or in anywise appertaining, for the whole of the remainder of the term of said lease, and for all renewals and extension thereof, and all dower and other rights of Katie F. Slosson.

" 'Signed and sealed at Chicago, Illinois, this fourth day of April, 1889.          WILLIAM E. SLOSSON,     [Seal.]
                                           KATIE F. SLOSSON.        [Seal.]'

- "A copy of the above was enclosed in the following letter from appellant, to-wit:

" 'WARREN SPRINGER, REAL ESTATE AND LOANS, }
        207 SOUTH CANAL St., CHICAGO, *May 22, 1889.* }
" '*Wallace L. DeWolf, 184 Dearborn St.*, City:

" 'DEAR SIR—I enclose you herewith a copy of the assignment of William E. Slosson to me of the lease of the premises on Monroe street, as per your request this day. Please send me your written consent to this assignment, as well as your assent to the extension of the time for putting the improvements on the said premises to June 1, 1890, all confirming our conversation of this day, and very much oblige.

" 'Yours truly,       WARREN SPRINGER.'

"Afterward the appellee and the appellant executed their certain agreement in writing, dated July 29, 1890, in which it is agreed by and between them that the time for placing the improvements on said premises be extended to January 29, 1892, and that in the meantime the appellant should, in addition to the performance of the other covenants in said lease, furnish to appellee insurance on the buildings then upon said premises in the sum of $5000. Afterward the same parties, by their agreement

in writing dated June 30, 1891, further extended the time for making said improvements to January 1, 1895, which also provided that appellant would furnish to appellee insurance upon said buildings in the sum of $6000, 'in addition to the performance of the other covenants in said lease.'

"Upon the said conveyance or transfer to appellant by said Slosson, April 4, 1889, appellant went into possession of said premises, and continued in said possession until July 29, 1897. Appellant assigned said lease to John McGinniss by his instrument in writing of that date, and said McGinniss, under date of August 6, 1897, assigned said lease to Charles E. Miller. Subsequent to the time when appellant turned over the possession of said premises to McGinniss, nine payments were made to appellee on account of the rent due under said lease, each and all by the check of appellant, the last one being February 5, 1898. The bill of complaint was filed on March 3, 1898. The appellant and said Slosson, McGinniss and Miller, with others, were made parties defendant to said bill.

"In the trial court a decree was entered, wherein it was found that there was due to appellee, under said lease, the sum of $12,876.13, which included rent up to the time of the entry of such decree; that appellant was personally liable therefor; that of said sum of $12,876.13, the sum of $9293.64 accrued after the assignment to said Miller, and who is also personally liable to appellee therefor, and that the master proceed to sell the interest of the parties defendant in and to said premises. The appellant, Warren Springer, alone appealed from that decree."

Mr. Justice HORTON delivered the opinion:

"The important question in this case is whether the appellant is liable for the ground rent reserved by the lease mentioned, and accruing after the conveyance by him to McGinniss. All the substantial questions presented in the brief of counsel for appellant are embraced in that proposition. To determine that question we must

consider whether there was privity of contract as well
as of estate between the appellant and the appellee. As
between the lessor and the lessee both exist, but the priv-
ity of estate may be terminated by an assignment of the
lease by the lessee. Not so as to the privity of contract.
The lessee cannot shake off his contractual liability by
making such an assignment. When there is no assump-
tion by the assignee of the obligations of the lease, then,
as between the lessor and the assignee, there is privity
of estate only, and the assignee is liable for the rent
while such privity of estate exists, and no longer. But
the assignee may terminate such liability by assigning
the lease and going out of possession. *Consolidated Coal
Co.* v. *Peers*, 166 Ill. 361.

"In the conveyance from Slosson to the appellant,
dated April 4, 1889, it is provided that for $1500, 'and in
consideration of the assumption by said Warren Springer
of all the obligations and liabilities of the lessee arising
under said lease,' Slosson and wife 'sold, assigned and
transferred' to appellant the leasehold estate. It will
be noticed that that transfer is a conveyance of such es-
tate. It does not, in its language, purport to assign the
lease, although it has that effect in law. By their certain
quit-claim, also dated April 4, 1889, said Slosson and wife
conveyed to appellant the building situated upon the de-
mised premises, in which quit-claim it is stated that said
Slosson had that day 'sold and assigned said lease, and
all the right, title and interest of the lessee therein,' to
appellant.

"In its relation to the question now under considera-
tion,—that is, the assumption of liabilities by the appel-
lant,—we apprehend it makes but little, if any, difference
whether the transfer of the leasehold estate is in form an
assignment or a conveyance. The principle upon which
the question of liability rests is substantially the same
in either case. That conveyance of the leasehold was
accepted by appellant, and he went into possession of

the demised premises. A part of the consideration for such conveyance, as therein expressed, was 'the assumption by the said Warren Springer of all the obligations and liabilities of the lessee arising under said lease.' What is the legal meaning and effect of that assumption?

"The definition of the word 'assume,' in matters of law, is, 'to take upon one's self.' The word 'assumption,' used in such a connection, as defined in the Century Dictionary, means, 'the agreement of the transferee of property to pay obligations of the transferer which are chargeable on it.' Had that conveyance of the leasehold stated that it was made subject to the payment of rent, etc., it would have involved or created no liability upon the part of the appellant for rent accruing after he had assigned the lease and ceased to occupy the premises. (*Consolidated Coal Co.* v. *Peers,* 166 Ill. 361.) But the phraseology and formation of the sentence is such that the assumption of the obligation and liabilities of the lessee cannot possibly be construed as meaning subject to such obligations and liabilities. Such assumption is a part of the consideration for the conveyance. How can the fact that a conveyance is made subject to certain obligations and liabilities be construed to constitute a part of the consideration for the making of such conveyance? And further, the conveyance in question only purports to convey the 'right, title and interest' of the lessee. Without the assumption clause that would be a conveyance, and the appellant would take subject to the obligations and liabilities of the lessee under the lease. That would have created a privity of estate only, and the appellant, by accepting the same and entering into possession, would have incurred no liability except for the rent for the time he was in possession and occupancy. Hence, if the contention of counsel for appellant be correct, the assumption clause was unnecessary and did not change or add anything to the conveyance, and the construction to be given to the conveyance would be the same as it

would be if the assumption clause was not a part of it.
We cannot concur in that construction.   It must be that
that clause means just what it says,—that the appellant
assumed the liabilities it expressed.

"*Dean* v. *Walker*, 107 Ill. 540, (cited with approval in *Consolidated Coal Co.* v. *Peers, supra,*) was a proceeding against
the grantee in a conveyance of real estate containing the
following clause, viz.: 'Subject, however, to the two trust
deeds, the taxes and claims aforesaid, all of which the
said party of the second part hereby assumes and agrees
to pay as part of the consideration of this conveyance.'
The grantee was held to be liable.   That is the settled
law for this State.

"A clause in the deed under consideration in *Douglas*
v. *Cross*, 56 How. Pr. 330, was as follows: 'Subject, however, to the assumption, as a part of the consideration'
of the conveyance, of a certain mortgage.   It was there
held that this language amounted to an agreement on
the part of the grantee to pay the mortgage.

"In *Schley* v. *Pryer*, 100 N. Y. 71, the clause in the deed
which the Court of Appeals was called upon to construe
read as follows: 'This conveyance is made subject to
two certain mortgages for $4000 each, and which said
party of the second part assumes, with interest from the
22d day of August, 1871.'   The contention in that case,
as in the case at bar, was that the language was not
broad enough to impose a personal liability upon the
grantee.   In the opinion holding that the grantee was
personally liable the court said (p. 74): 'The defendant
claims that the word 'assumes' is not broad enough to
impose a personal liability upon him to pay the mortgage in question.   If it had been intended simply to
provide that he should take the land subject to the two
mortgages, the further language in this clause in which
the word 'assumes' appears would not have been necessary.   Unless that word was used to impose a personal
liability upon the defendant to pay, it was wholly un-

necessary and serves no purpose and adds nothing to the force of the language used. A rule of construction requires us to give force and effect, if possible, to all the language used. That word is frequently used in deeds to impose a liability to pay upon the grantee, and we believe it is generally understood among conveyancers to impose such liability. Such effect has been given to the word when so used in several well considered cases in other States. (*Drury* v. *Tremont Imp. Co.* 13 Allen, 168; *Loche* v. *Homer*, 131 Mass. 93; *Stout* v. *Folger*, 34 Iowa, 71; *Sparkman* v. *Gove*, 44 N. Y. L. 252.) The word, therefore, must have the same meaning which it would have if the words 'to pay' followed it. If not, what does it mean?'

"The language of the assumption clause in the case at bar is much stronger against the contention of counsel than that in the case just cited. In the latter, the language was simply that the grantee assumed the encumbrances, while in the case at bar the assumption was a part of the consideration for the conveyance.

"There are some technical objections made by appellant, such as that there is no consideration for the alleged assumption; that it does not appear that the conveyance to appellant was of the leasehold estate in question, and that such conveyance is void under the Statute of Frauds because it is not signed by the appellant. We have considered such objections and are of opinion that they are without merit. The appellant received a conveyance of the leasehold estate, received possession of such estate and assumed to pay the rent. There was thereby established between the appellant and the appellee a privity of contract and a privity of estate. That privity of estate was terminated by the conveyance and transfer of possession of the demised premises to McGinniss. But the privity of contract—the contractual liability of the appellant—was not thus terminated. No valid reason is apparent to us why the appellant should not pay the rent he assumed."

The decision and opinion of the Branch Appellate Court are clearly in accordance with the authorities and with the settled law of this State, and that opinion is hereby adopted as the opinion of this court, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*