## BERWIND-WHITE COAL MINING COMPANY, Plff.,

*v.*

## BORINQUEN SUGAR COMPANY, Dft.

---

San Juan, Equity, No. 897.

ON MOTION FOR PAYMENT OF INTEREST ON COUPONS.

Receivership—Mortgage Bondholders—Parties.
1. Where by order of court the bondholders under a mortgage
VIII. Porto Rico—22.

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

were prohibited from foreclosing during the pendency of the receivership, the order did not bring the bondholders into court as parties or make the mortgage an issue in the case.

Receivership—Mortgage Bondholders—Payment of Interest.

2. The suspension of the right of mortgage bondholders to demand the payment of the coupons has not the effect of cutting off the right to collect interest on the coupons if they were ever entitled to it, but simply that they cannot collect it at a certain time.

Interest on Interest—Local Law—Law in the United States.

3. Under the Civil Code and Code of Commerce of Porto Rico, interest cannot be collected upon current interest, but if judicial demand is made when the interest is due, then the accrued interest will bear interest; and the same is true in the United States, except that a judicial demand is not necessary.

Judicial Sale—Purchaser—Power of Court.

4. Where one purchases property at a judicial sale he submits himself to the jurisdiction of the court, and he may be compelled by summary proceedings, rule or motion in the original cause, or by attachment as for contempt, to comply with his bid.

Opinion filed January 3, 1916.

------

*Mr. J. R. F. Savage* and *Mr. Chase Ulman* for petitioner.

*Mr. Jorge Dominguez* for reorganization committee.

HAMILTON, Judge, filed the following opinion:

In this case there are one or two things on which I am clear, and one on which I would like more light.

1. In the first place, by order of this court the bondholders under the first mortgage and every other mortgage were prohibited from foreclosing during the pendency of the case. That was necessary for the protection of everybody, of themselves,

perhaps, as well as others. Now the question is, how far did this go? I do not think it went so far as to bring them into court as parties, or to make that mortgage an issue in the case. There were no pleadings to that extent, and I think it would be going beyond the rule that if the court takes jurisdiction for one purpose it will carry it through and see that full justice is done.

"A court of equity which has obtained jurisdiction of a controversy on any ground or for any purpose will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject-matter." 16 Cyc. 106.

I do not think that because the court suspended the collection of the mortgage temporarily, it results that the court could go on afterwards without anybody asking it and foreclose the mortgage. I think that would be going too far.

2. In the second place, as to the effect of suspending the collection of the coupons, as to how that would affect the matter of interest.

It is true "an injunction operates *in personam*, and it will not issue against one not within the jurisdiction of the court. Nor will a party be enjoined from taking certain action unless he is himself before the court as a defendant." 22 Cyc. 785.

The suspension of the right to demand the payment of the coupons would not have the effect of cutting the coupon holders off from the right to the collection of interest on the coupons if they were ever entitled to it. That is simply saying that they cannot collect it at a certain time. It did not affect any other rights, and if they had a right to collect interest on the coupons, it would be a very serious question whether the court could cut

them off. It could not change the contract. It would be very much like the law of Alabama which says that an administrator cannot be sued for six months after the issuance of letters of administration. The object of that is to prevent the estate from being dissipated before the administrator knows what he has in hand. In some respects it is somewhat similar to the rule as to a receiver. This does not prevent the debt from bearing interest during those six months. It does not affect the right to interest. If they ever had the right, that continues.

3. In the third place, as to interest on interest, the Civil Code of Porto Rico, art. 1076, is as follows:

"Interest due shall earn legal interest from the time it is judicially demanded, even if the obligation should have been silent on this point.

"In commercial transactions the provisions of the Code of Commerce shall be observed. . . .

"Savings banks shall be governed by their special regulations."

Sections 316, 317, of the Code of Commerce are as follows:

"316.—Debtors who delay the payment of their debts after the same have fallen due, must pay, from the day following that on which it became due, the interest agreed upon in such case, or in the absence of such agreement, the legal interest.

"If the loan is in kind, in order to compute the interest, its value shall be graduated by the prices of the merchandise loaned in the locality in which the return is to be made, on the day following that on which it falls due, or by the value fixed by experts if the merchandise should no longer exist at the time its appraisement is to be made.

"And if the loan consists of bonds or securities, the interest,

by reason of delay in repayment, shall be that earned by said securities or bonds, or in the absence thereof, the legal rate of interest, the value of the securities being determined by their price on exchange, if they are subject to quotation, or at their current prices on the day following that on which they fall due.

"317.—Interest which has fallen due and has not been paid shall not earn interest. The contracting parties may, however, capitalize the net interest which has not been paid, which, as new principal, shall earn interest."

But these do not apply to coupons in terms, nor are coupons fairly within their scope. The courts of the United States have their own way of looking at commercial law. In many cases they construe contracts according to general commercial law, and not according to local rules. That is the tendency, and the general rule, certainly as to commercial paper, bonds, and coupons, as expressed in the case of United States Mortg. Co. v. Sperry, 138 U. S. 313, 34 L. ed. 969, 11 Sup. Ct. Rep. 321, is that coupons bear interest. That is, I may say, one of the objects of the coupon. It is made a distinct obligation. It is made a promissory note, and to the extent of its face it is exactly like the original bond would be. As the Porto Rican law expresses it, the interest is capitalized. It is an agreement to pay a certain sum of money at a certain time, and if it is not paid at that time or if it is held up for legal reasons at that time, interest should run on it just as much as on any other promissory note.

"Coupons after their maturity bear interest at the rate fixed by the law of the place where they are payable." Cairo v. Zane, 149 U. S. 122, 37 L. ed. 673, 13 Sup. Ct. Rep. 803.

"It is objected that there was error in allowing interest at the rate of 7 per cent upon the coupons after their maturity. Such

allowance was proper for the reason that the coupons (which, as well as the bonds, were silent as to the rate of interest after maturity) were made payable in New York, where the rate, as then established by law, was 7 per cent." Scotland County v. Hill, 132 U. S. 107, 117, 33 L. ed. 261, 265, 10 Sup. Ct. Rep. 26.

"The coupons, after their maturity, bore interest at the rate fixed by the law of the place where they were payable." Pana v. Bowler, 107 U. S. 529, 546, 27 L. ed. 424, 430, 2 Sup. Ct. Rep. 704.

The Civil Code and Code of Commerce mean only what is the general rule in almost all the states,—that interest cannot be collected upon current interest. If a man has a $1,000 note due in a year and the creditor does not collect it for two years, he cannot go to the debtor for interest on $1,060 for the second year. The interest would run for the full period. The local law says that if a judicial demand is made, then interest would run on interest. In the states the rule is the same, except that a court demand is not necessary to capitalize the interest. Therefore, if demand is made at the end of the first year and interest is not paid then, interest would run on that interest for the second year.

4. The decree provides that this reorganization should affect the second mortgage bondholders and the general creditors, who are all made parties. They are bound, and, in fact, I think a large number of them signed the papers. The reorganization necessarily had to be subject to the rights of the first mortgage bondholders. The court could not control them one way or the other. It follows that the reorganization committee would have to meet the legal rights, whatever they might be, of the first

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

mortgage bondholders. The decree provided that the purchaser should assume the first mortgage.

The word "assumption," . . . [in speaking of the assumption by one of the obligations of another], as defined by the Century Dictionary, means "the agreement of the transferee of property to pay obligations of the transferrer which are chargeable on it." Springer v. de Wolf, 194 Ill. 218, 56 L.R.A. 465, 88 Am. St. Rep. 155, 62 N. E. 542, 543.

"Assumption," as used in conveyance reciting that in consideration of assumption of certain debts, etc., includes the promise of payment of such debts, since "assumed" means to take upon one's self, to undertake, or to adopt; or, in other words, to take upon one's self, or to adopt the obligation or the liability of another, is to put one's self in place of that other as to such obligation or liability,—to become bound as such other is bound. It is a broader word than "agrees to pay," and includes the latter. Lenz v. Chicago & N. W. R. Co. 111 Wis. 198, 86 N. W. 607, 608.

" 'The difference between the purchaser's assuming the payment of the mortgage, and simply buying subject to the mortgage, is simply that in the one case he makes himself personally liable for the payment of the debt, and in the other case he does not assume such liability. In both cases he takes the land charged with the payment of the debt, and is not allowed to set up any defense to its validity.' " Hancock v. Fleming, 103 Ind. 533, 3 N. E. 254, 255.

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

There is no doubt the purchaser of property sold under order of court, by becoming such voluntarily submits himself as to his bid to the jurisdiction of the court, and he may be compelled to comply with his bid by summary proceedings, by rule or motion in the original cause, or by attachment as for contempt. 24 Cyc. 52. This, however, is a matter between the purchaser and the court representing whoever are parties to the suit. It does not create a privity between any other persons. What would be the effect of a sale under the present circumstances, if the trustee for the first mortgage should come in and claim that the purchaser's assumption of the mortgage imposed upon this court the duty to enforce the terms of the mortgage, need not be decided. The present application is not by the trustee, who is the only one who can represent the mortgage as a whole, and it seeks not to enforce the mortgage, but to add to the terms of the mortgage by holding some one other than the original mortgagor liable. The court has not undertaken to change the obligation of the mortgage contract, and would be without power to do so. The decrees of sale and confirmation do not require payment of the first mortgage in this suit or make a foreclosure possible in this suit. They amount at most to recognizing an obligation on the part of the purchaser to take care of the mortgage in some proper but separate plenary proceeding in an appropriate court.

The above conclusions were announced upon the hearing of the argument, and the only change now made is to add the authorities, which seem to support the conclusion then reached. It is announced in open court that the parties have agreed upon some settlement out of court, and which does not require any action by the court except permission to the purchasers to with-

· draw their petition or motion, which is accordingly granted. Whether the order for deposit made June 23, 1915, would justi-- fy any further action of· the court, therefore, need not be de- cided.

It is ordered that the petitioner has leave to withdraw his petition or motion.