# CASES

---

Olive Adams Johnston and Merchants Loan & Trust Company, Trustee under last will and testament of Nilla M. Adams, Deceased, Appellants, v. Samuel Messinger, Appellee.

### Gen. No. 27,527.

1. LANDLORD AND TENANT—*performance as fixing liability of assignee of lease under assignment not signed by him.* An assignment in the nature of a deed poll, duly signed by the lessee but not by the assignee, and sealed, acknowledged and recorded, assigning all the lessee's interest in a certain lease to such assignee who accepts and assumes all the obligations of the lease, imposes all the obligations of such lease on the assignee by privity of contract even though he did not sign the assignment, where he. went into possession of and occupied the premises, paid rent, and performed other obligations of the lease for several years and thereafter assigned the leasehold estate to another under an assignment duly signed and executed by both parties which referred to the lease and the first assignment and by reference incorporated them as a part of such second assignment.

2. FRAUDS, STATUTE OF—*want of assignee's signature to assignment of lease as immaterial where acceptance otherwise evidenced.* An assignment of lease is not void under the statute of frauds for failure of the assignee to sign it, where he accepted it by entering

into possession of the premises, paying the rent and performing the obligations of the lease for several years and thereafter assigning the leasehold estate to another.

3. FRAUDS, STATUTE OF—*signature to assignment incorporating unsigned writing by reference as sufficient.* An assignee of a lease is bound by the assignment under the statute of frauds, even though he did not sign the assignment, where he later assigned the lease to another under an assignment duly signed and executed by both parties thereto which referred to and incorporated the first assignment and the lease as a part of the second one.

4. LANDLORD AND TENANT—*liability of assignee of lease after assignment by him to third person.* An assignee of a lease under an assignment wherein he expressly assumed all the obligations of the lease, who went into possession, paid the rent and performed the obligations of the lease for several years and then assigned his interests to a third person under a duly signed and executed lease pursuant to which he transferred possession of the premises to his assignee thereby terminates the privity of estate but not his own contractual liability to perform the obligations of the original lease assigned to him.

5. LANDLORD AND TENANT—*acceptance of rent from second assignee as affecting liability of first assignee on obligations expressly assumed by him.* The first assignee of a lease who expressly assumed all the obligations thereof is not relieved from such obligations under the assignment to him, by the acceptance by the landlord of rent from one to whom the first assignee assigned his interest.

6. SAVING QUESTIONS FOR REVIEW—*necessity for exception to peremptory instruction.* The giving of a peremptory instruction for the defendant is reviewable on appeal from the judgment entered upon the directed verdict, even though the plaintiff did not object or accept to the peremptory instruction in the lower court.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR HEARD, Judge, presiding. Heard in this court at the March term, 1922. Reversed and remanded. Opinion filed October 30, 1922.

McCULLOCH, McCULLOCH & DUNBAR, for appellants; WEIGHTSTILL WOODS, of counsel.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiffs brought an action in assumpsit claiming that defendant as assignee lessee was obligated for certain rentals and advances under the terms of the lease.   Upon jury trial the court peremptorily instructed to find for defendant, and upon such verdict judgment was entered, from which plaintiffs appeal.

The lease was of a business building on Washington street in Chicago, made February 1, 1907, to Donnell Safe Company, a corporation, as lessee, for a term of ninety-nine years.   The lessee obligated itself to pay rentals, taxes, special assessments, attorney's fees, and to keep the premises in repair.

The Donnell Safe Company occupied under the lease until May, 1910, at which time, by an instrument in writing in the nature of a deed poll duly signed, sealed, acknowledged and recorded, it assigned all its interest in said lease to the defendant, Messinger. The assignment contained the following provision:

"And in consideration of this assignment and transfer by the said Donnell Safe Company, a corporation, the said Samuel Messinger for and on behalf of himself, his successors or assigns, hereby accepts and assumes all the terms, covenants, and agreements in the said lease contained, and will comply with them, and be bound by them, and will keep and perform all the covenants and agreements in the said lease contained."

Messinger did not sign this instrument.   Subsequently July 13, 1917, by a writing duly executed, signed, sealed and acknowledged by both parties and recorded in the recorder's office, Messinger assigned said leasehold estate to Oscar C. Hagen.   This instrument describes the lease and the assignment thereof to Samuel Messinger, with the date of that assignment, names of the parties, book, page and number of the instrument as recorded in the recorder's office, and the following clause:

"* * * reference to which indenture of lease and which assignment and the record thereof is hereby

made and which indenture of lease and assignment and the record thereof are hereby made a part hereof by reference thereto, as fully to all intents and purposes as if set forth in full in the body hereof, together with all the right, title and interest of the said Samuel Messinger in and to said indenture of lease and in and to said assignment   *   *   *."

Plaintiffs claim that after the assignment to Messinger he entered into possession of the premises, occupied and paid rental therefor and performed some of the other obligations of the lease for some years. Defendant asserts there was no proof of this.

Plaintiffs' claim is made up of items accruing under the lease after the assignment from Messinger to Hagen. The trial court apparently being of the opinion that as Messinger had not signed the instrument of assignment from Donnell Safe Company to him, there was no privity of contract between the lessors and Messinger and, after the assignment to Hagen, no privity of estate and therefore no basis for the liability of defendant claimed by plaintiffs.

We hold that Messinger, by privity of contract, assumed the obligations of the lease and was liable for their performance. The mere fact that Messinger did not sign the instrument of assignment from the Donnell Safe Company to him does not necessarily release him from its covenants. If he did anything indicating that he accepted it, he thereby assumed its obligations. If it was not sufficiently shown in evidence that defendant occupied the premises, paying rental and performing the obligations of the lease, such proof should be made upon another trial. But the acceptance by defendant of the assignment to him sufficiently appears from the recitals in the assignment executed by him to Hagen, wherein the assignment to Messinger is incorporated.

There is no merit in the contention that the assignment to Messinger was void under the statute of frauds because it was not signed by him. His signa-

ture to this document would amount to no more than evidence of his acceptance of the same, and this acceptance may be shown in other ways.

There is abundant authority, both in this country and in England, that the statute of frauds has no application to conveyances of lands, rents or profits out of the same. Acceptance is to be considered, with reference to the assumption of contractual obligations, as the equivalent of signing the contract. *Worden v. Sharp,* 56 Ill. 104; *Kershaw v. Kershaw,* 102 Ill. 307; *McFarlane v. Williams,* 107 Ill. 33; *Dean v. Walker,* 107 Ill. 540; *Webster v. Fleming,* 178 Ill. 140; *Springer v. DeWolf,* 194 Ill. 218; *Sanitary Dist. of Chicago v. Chicago Title & Trust Co.,* 278 Ill. 529; 2 Coke's Littleton, 230 b, sec. 374; 1 Shepard's Touchstone, 177; 3 Preston Abstracts, 61; *Cherry v. Hemming,* 4 Exch. 631; Challis Real Prop. (3rd Ed.) 404.

We are also of the opinion that the signature of the defendant to his assignment to Hagen, reciting and incorporating the document containing his promises, is sufficient to bind him even under the statute of frauds. *Wood v. Davis,* 82 Ill. 311; *Lasher v. Gardner,* 124 Ill. 441; *Ullsperger v. Meyer,* 217 Ill. 262; *Bonner & Marshall Co. v. Hansell,* 189 Ill. App. 474.

While the privity of estate was terminated by transfer of possession of the demised premises, the contractual liability was not thus terminated. *Springer v. DeWolf,* 194 Ill. 218; *Barnes v. Northern Trust Co.,* 169 Ill. 112; *Webster v. Fleming,* 178 Ill. 140; *Scholten v. Barber,* 217 Ill. 148; *Chicago & M. Tel. Co. v. Type Tel. Co.,* 137 Ill. App. 131; *Elwell v. Hicks,* 180 Ill. App. 554; *McConnell v. General Roofing Mfg. Co.,* 187 Ill. App. 99; *Thompson v. Western Casket Co.,* 219 Ill. App. 184.

The subsequent acceptance of rent from Hagen does not relieve Messinger from his obligations under the assignment to him. *Grommes v. St. Paul Trust Co.,* 147 Ill. 634; *Barnes v. Northern Trust Co.,* 169 Ill. 112;

*McConnell v. General Roofing Mfg. Co.,* 187 Ill. App.
99.

Defendant claims that plaintiffs did not object or
except to the peremptory instructions to find the is-
sues for defendant, hence the giving of this instruction
is not reviewable. Such an objection or exception is
unnecessary. In *Miller v. Anderson,* 269 Ill. 608, sec-
tion 81 of the Practice Act, ch. 110 [Cahill's Ill. St.
ch. 110, ¶ 81], was construed to mean "to do away
with the necessity of incorporating in the record
* * * the formal exceptions, in order to preserve
for review the rulings of the trial court." See also
*City of Lewistown v. Harrison,* 282 Ill. 461; *Village of
Bradley v. New York Cent. R. Co.,* 296 Ill. 383; *Pitts-
burgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.,*
300 Ill. 162. There are many other cases holding
likewise.

The judgment is reversed and the cause is remanded.
*Reversed and remanded.*

DEVER and MATCHETT, JJ., concur.