John Anuzis, Appellee, v. Louis Gotowtt, Appellant.

Gen. No. 32,320.

Opinion filed May 2, 1928.

Z. H. KADOW, for appellant.

No appearance for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The plaintiff has failed to follow this appeal in this court.

Plaintiff sued the defendant to recover $360, which sum defendant held as the lessor in a lease to one Stanley Katauskis, demising certain premises for a term of five years commencing October 1, 1923, and ending on September 30, 1928.

The action is grounded on a rider to the above-mentioned lease in the following words:

"It is further understood that the lessee has deposited the sum of $360.00 as security for the specific performance of this lease, and that the said deposit of $360.00 so made shall draw interest at the rate of 3% per annum, and that at the expiration of this lease, the money shall be refunded to the lessee, except as hereinafter provided; in the event of the conviction of the lessee for any offense in violating any of the sections of the Volstead Act, then the said $360.00 so deposited with the lessor, shall be forfeited by the lessee and shall be retained by the lessor as liquidated damages.

"It is further agreed that lessee will not sell, barter or give away in any shape or form any liquor that is prohibited by the Volstead Act, and in the event that the lessee will be convicted in violating any of the provisions of the Volstead Act, then this lease will be terminated, and the deposit of $360.00 retained by lessor as hereinabove provided."

The lessee in the lease assigned the term therein granted to one Joe Stock, who was the original plaintiff in this action. The plaintiff herein on the trial was substituted for Joe Stock, who was dismissed out of the suit. An examination of the record shows that Stanley Katauskis assigned his interest in the lease to himself, but as the parties treated the assignment as in fact being to Joe Stock, we will so treat it for the purposes of this opinion.

The date of the assignment of the lease to Joe Stock is the 31st day of March, 1925. At that time more than three years of the term remained. There is no writing or formal assignment in any way, shape or manner from Joe Stock to the plaintiff, John Anuzis, and while it is true that the record shows that the plaintiff individually paid to the defendant certain of the rent reserved to be paid by the lease, there was no attornment by defendant to the plaintiff, all of the receipts for rent being given in the name of the assignee Joe Stock.

On a trial before the court, by agreement, there was a finding and judgment for $360, and defendant brings the record here for review.

It will be observed that plaintiff has no written evidence of his interest, if any, in the demised premises. The evidence demonstrates that he is a stranger to the defendant landlord, or as his counsel designated him at the trial, a trespasser, without any rights in the demised premises or in the deposit of $360, which the landlord defendant was bound to respect. Furthermore the money was deposited ''as security for the specific performance of this lease,'' the terms of which had two and one-half years yet to run when the assignment by Stanley Katauskis to Joe Stock was made. It therefore follows for two reasons that the plaintiff has no interest in or claim to the deposit of $360 made by the lessee, Stanley Katauskis, first, because there is no contractual relationship, express or implied, between him and the defendant; and secondly, because the term not having expired neither Joe Stock nor the plaintiff would have any right to recover that sum from defendant. This is made patent from the fact which inferentially appears from the evidence, that some of the covenants of the lease have not been specifically performed. Stock testified that he had not paid the December, 1925, rent or the January, 1926, rent, and that no rent was paid by him since that time, and that

the last rent paid was January, 1926, by the plaintiff in this suit.

It was held in *Springer v. De Wolf,* 194 Ill. 218, that the lessee cannot shake off his contractual liability by making such an assignment, and that where there is no assumption by the assignee of the obligations of the lease, then as between the lessor and the assignee there is privity of estate only, and the assignee is liable for the rent while such privity of estate exists and no longer, but the assignee may terminate such liability by assigning the lease and going out of possession. Citing *Consolidated Coal Co. v. Peers,* 166 Ill. 361.

As between defendant and his tenant, Stanley Katauskis, the latter still remains liable to perform the covenants of the lease, including the payment of rent. Furthermore, in no circumstances could plaintiff recover the $360 deposit short of a written specific assignment of that sum, as neither he nor Joe Stock, the assignee of the lease, had any written assignment of the amount deposited under the terms of the rider to the lease. (*Williams v. Short,* 194 Ill. App. 479.) Under the terms of the lease, notwithstanding the assignment by the tenant to Joe Stock, Stanley Katauskis, the lessee in the lease, is under the terms of the lease liable for rent to the end of the term. Under the terms of the rider to the lease Stanley Katauskis, the lessee, were he seeking to recover the $360 deposit, would not under its terms be entitled to recover.

For the foregoing reasons the judgment of the municipal court is reversed, and as the trial was before the court without a jury by agreement, we will do here what the trial court should have done, enter a judgment for the defendant.

*Reversed and judgment here.*

TAYLOR, P. J., and WILSON, J., concur.