Anna Svatik, Administratrix with the Will Annexed of Estate of John Krier, Deceased, Appellant, v. Harriett L. Niles et al. Harriett L. Niles, Appellee.

Gen. No. 39,493.

Opinion filed February 2, 1938. Rehearing denied February 18, 1938.

ALICE GREENACRE, of Chicago, for appellant.

Murphy, Lilliander & Gemmill, of Chicago, for appellee; William B. Gemmill, of Chicago, of counsel.

Mr. Presiding Justice Hebel delivered the opinion of the court.

This is an appeal by the pláintiff from a judgment entered in favor of the defendant, Harriett L. Niles. This judgment is based upon a suit at law upon a 99-year lease, dated February 20, 1924. The original parties to the lease were John Krier, as lessor and Paul Niles as lessee. The suit was to recover the unpaid rent in the sum of $12,500 which accrued during the lessor's life, together with interest and attorney's fees, brought by the lessor's personal representative against Harriett L. Niles, as an intermediate assignee and the Northwest Corner of Michigan Avenue and 112th Place Building Corporation, hereinafter referred to as "the Building Corporation," as assignee lessee in possession at the time of default. The original lessee was not made a party to the suit, he being dead. A judgment was taken by default against the building corporation, and the case proceeded against Harriett L. Niles. The court heard the evidence without a jury. The evidence consisted of an oral stipulation of facts, documents admitted by agreement, and oral testimony introduced by the plaintiff showing the amount of rent unpaid and that $750 is a fair and reasonable fee for plaintiff's attorney's fees. The court found the issues against the plaintiff as to the defendant Harriett L. Niles, and a judgment was entered in favor of the defendant upon the court's finding.

From the evidence as stated in plaintiff's brief, it appears that the claim is upon a 99-year lease of property at the northwest corner of Michigan avenue and 112th place, in Chicago, Cook county, Illinois, from John Krier, a bachelor as lessor, to Paul E. Niles as lessee. The lease is dated February 20, 1924, and re-

corded, in the recorder's office of Cook county on April 8, 1924, as document number 8353774. The lessee obligated himself to pay the rentals, taxes and special assessments, attorney's fees, to keep the premises in repair, and, among other things, to construct a new building. The lease contains provisions concerning assignment and the terms and conditions thereof. The conditions of assignment set up include provisions that there be no default at the time of the assignment; that the "assignee or assignees shall expressly accept and assume all the terms and covenants in this lease contained to be kept, observed and performed by the Lessee, and become bound to personally comply therewith. . . ." It is provided that assignment shall relieve the lessee (assignor) of further personal liability if the building has been completed, "it being expressly agreed that in the event of any assignment of this lease prior to the erection of and full payment for a building or buildings on said demised premises as by Article fifth of this lease provided the Lessee shall remain personally and primarily liable under the covenants of this lease until there shall be erected upon said premises and fully paid for, a building or buildings as by Article five of this lease provided.''

The lease also contains a provision that all covenants, agreements, conditions and undertakings thereof shall extend to and be binding on the heirs and assigns of the respective parties thereto, the same as if they were in every case named and expressed, and shall be construed as running with the land, and that wherever reference is made to either party it shall be held to include and apply to also the successors and assigns of such party the same as if in each and every case so expressed.

Paul E. Niles assigned the lease to Harriett L. Niles by assignment dated September 27, 1924, recorded in the recorder's office of Cook county, Illinois. This

assignment recited that Paul E. Niles sold, granted, conveyed, assigned and set over to Harriett L. Niles a "certain Indenture of Lease, bearing date the 20th day of February, 1924, made by John Krier, a bachelor, of Chicago, Illinois, party of the first part, and Paul E. Niles, of the City of Chicago, and State of Illinois, party of the second part, together with all and singular the premises therein mentioned and described and the buildings thereon, with the appurtenances . . . from the 27th day of September for and during all the rest, residue and remainder yet to come of and in the term of 99 years mentioned in the said Indenture of Lease." This assignment does not further describe the lease or the premises, but does provide that the same is "subject to the rents, covenants, conditions and provisions therein also mentioned." Paul E. Niles alone executed the first assignment. Thereafter Harriett L. Niles further assigned said 99-year lease to the building corporation, by a written assignment dated June 29, 1926, recorded in the recorder's office of Cook county on July 1, 1926, as document 9325897. This assignment to the building corporation is executed by both Harriett L. Niles and the building corporation. In it it is recited that Harriett L. Niles, defendant, is the owner and holder of a leasehold interest in the said premises and the legal description is set out in detail; the 99-year lease is further described by reference to its date, the date of its recording and the recorder's document number, the parties to it, and its term. Reference is expressly made to the lease and the record thereof. It is provided that Harriett L. Niles does—"Sell, assign, transfer, convey and warrant all her right, title and interest in and to the aforesaid real estate and the above mentioned leasehold estate created therein, (subject, however, to all and every the covenants, conditions and agreements contained to be performed by the lessee named in said lease, which

said lease the said party of the second part hereby assumes and agrees to fully observe, perform and execute the same as if it had been originally the party lessee thereto).'' Further, the building corporation agrees that it—''will accept and assume all the terms, covenants, obligations and agreements in said lease contained to be kept, observed and performed by the lessee therein, and in all things will save and keep harmless the said party of the first part herein (Harriett L. Niles) from all costs, damages and expenses by reason thereof in the future.''

It further appears from the statement of facts that from the time of the assignment from Mr. Niles to Mrs. Niles up to the assignment from Mrs. Niles to the building corporation, Mrs. Niles was in possession and paid all accruing rent instalments. After the assignment to the building corporation it took possession and paid all rents for a time. The rental for the period sued on was $10,000, payable in quarterly instalments of $2,500 each on the 1st day of January, April, July and October of each year. The last rent paid was the instalment due January 1, 1931. No building has ever been erected on the premises as provided in the lease. The lessor John Krier died on March 30, 1932, and letters of administration with the will annexed were issued to the plaintiff Anna Svatik on June 13, 1932. Recovery is being sought for four unpaid rent instalments of $2,500 each, due on the 1st day of April, July and October, 1931 and of January, 1932. All of the instalments for which recovery is sought by the plaintiff against the defendant Harriett L. Niles accrued while the building corporation enjoyed the benefit of the premises and during the lifetime of the lessor John Krier. The evidence tends to establish that $750 is a fair and reasonable fee for plaintiff's attorney's fee.

From the briefs filed by the parties in this action the facts seem to be undisputed except as to the amount

of the rent claimed. The plaintiff suggests that where a document contains provisions and conditions to be binding on persons having the benefit thereof, and a person accepts said document or the contract thereby evidenced, her acceptance is to be considered with reference to the assumption of contractual obligations the same as if she had signed a contract to perform said provisions and conditions, and contends that the sole question in the instant case is whether effect shall be given to the provision of the 99-year lease that any assignee shall be personally bound the same as if an original party, and that any assignee shall, as a condition to the validity of the assignment, accept all the terms and covenants of the lease and shall become personally bound to comply therewith. One of these covenants is the payment of the rental of $10,000 per year.

Defendant's answer to the plaintiff's contention is that the language of the original lease declares that any assignment made contrary to the provisions thereof shall be void. If the assignment was void, Harriett L. Niles was merely a tenant at will and certainly not responsible for rent accruing subsequent to her surrender of possession.

It is further contended by the defendant Harriett L. Niles that she is not liable except for rents accruing during her tenure, because the assignment to her did not contain express words of assumption of personal liability. In support of this theory, the distinction between privity of contract and privity of estate appears in the record to have been urged upon the trial. Plaintiff states that apparently defendant relies upon the line of cases which do hold that where an original lease stipulates a given rental and an assignment is made subject to the terms of the lease but without express provision for assumption of personal liability by assignee, in either the lease or the assignment, then the

assignee lessee is liable only by privity of estate and only for rents accruing during his tenure and is not liable for rents accruing after a further assignment of the leasehold.

The question then hinges upon the construction of the provision of the original lease as to whether the lessee's assignee has made herself personally liable. It is admitted by all the parties that the defendant Harriett L. Niles did not sign the 99-year lease, nor the assignment thereof to her, but by accepting possession she accepted the benefits of both lease and assignment. The question arises whether by the acceptance of the benefits, as well as possession she is liable for the rent accrued for which this action was brought.

Let us again consider the language of the assignment of the lease that was accepted by Harriett L. Niles. The condition of the assignment to the defendant Harriett L. Niles contains this language: "such assignee or assignees shall expressly accept and assume all the terms and covenants in this lease contained to be kept, observed and performed by the lessee, and become bound to personally comply therewith."

In a case entitled *Johnston v. Messinger,* 226 Ill. App. 397, somewhat like the one here being considered, and in which the Appellate Court passed upon the very question involved in the instant case, where the assignee did not sign an assignment of the lease whether the assignee was bound by the terms and conditions of the lease. The court in part said:

"Plaintiffs' claim is made up of items accruing under the lease after the assignment from Messinger to Hagen. The trial court apparently being of the opinion that as Messinger had not signed the instrument of assignment from Donnell Safe Company to him, there was no privity of contract between the lessors and Messinger and, after the assignment to Hagen, no

privity of estate and therefore no basis for the liability of defendant claimed by plaintiffs.

"We hold that Messinger, by privity of contract, assumed the obligations of the lease and was liable for their performance. The mere fact that Messinger did not sign the instrument of assignment from the Donnell Safe Company to him does not necessarily release him from its covenants. If he did anything indicating that he accepted it, he thereby assumed its obligations. . . . His signature to this document would amount to no more than evidence of his acceptance of the same, and this acceptance may be shown in other ways. . . . Acceptance is to be considered with reference to the assumption of contractual obligations, as the equivalent of signing the contract. *Worden v. Sharp,* 56 Ill. 104; *Kershaw v. Kershaw,* 102 Ill. 307; *McFarlane v. Williams,* 107 Ill. 33; *Dean v. Walker,* 107 Ill. 540; *Webster v. Fleming,* 178 Ill. 140; *Springer v. DeWolf,* 194 Ill. 218; *Sanitary Dist. of Chicago v. Chicago Title & Trust Co.,* 278 Ill. 529; 2 Coke's Littleton, 230 b, sec. 374; 1 Shepard's Touchstone, 177; 3 Preston Abstracts, 61; *Cherry v. Hemming,* 4 Exch. 631; Challis Real Prop. (3rd Ed.) 404."

The case we are here considering differs from the cases of *Johnston v. Messinger, supra* and *Springer v. DeWolf,* 194 Ill. 218, in that in both of those cases provision for the assumption of personal liability as assignee was contained in the assignment, which was not signed by the assignee, and in this case is contained in the original lease, title to which was acquired by the assignee through assignment, although this assignment was not executed by her. The fact is, however, that the assignee in the instant case acquired title to the premises and accepted and assumed all of the provisions of the original lease by virtue of this assignment. By taking possession and occupying the premises the defendant is bound by the provisions of the lease in question. As we have indicated, this lease

was recorded in the recorder's office and, of course, the defendant in this action had knowledge and is chargeable with notice of the provisions and conditions of the lease, and no contention seems to have been made by the defendant that she did not have such knowledge.

One of the defenses urged here is that if the assignment fails to comply with the terms of the lease, then the lessor may forfeit such attempted assignment and has a right to take possession of the premises. The lessor, however, may waive a breach of the restriction in question, and it must be conceded that by assignment title to the estate passes to the assignee, and having acquired title she was entitled to possession and, therefore, assumed the obligations contained in the lease and is bound thereby.

The case of *Springer v. Chicago Real Estate Loan & Trust Co.,* 102 Ill. App. 294, is called to our attention by both litigants. In that case the court said: "Nor are we of the opinion that a landlord in case of an attempted assignment by a lessee of a lease containing a restriction against assignment must either acquiesce in the attempted assignment and recognize it as valid, or proceed to forfeit for violation of covenants. . . .

"That an invalid assignment is not void but voidable only, that is, that a landlord may waive the restriction inserted for his benefit, is undoubtedly the case (*Webster v. Nichols,* 104 Ill. 160), but a landlord, although he may have a right so to do, is not bound to declare a forfeiture for breach of a covenant; on the contrary, he may insist upon a tenant fulfilling his obligations."

There is also a question as to lack of evidence to establish the amount due under the terms of the lease. This is unfounded, for it appears from the record that there is sufficient evidence to justify the trial court in fixing the amount due the plaintiff.

After consideration of all the questions involved in the record, we are of the opinion that the court erred in entering judgment for the defendant; therefore the

474

judgment is reversed and judgment is entered against the defendant in this court for $10,750.

*Reversed and judgment here against defendant for $10,750.*

Denis E. Sullivan and Hall, JJ., concur.