Cork-Oswalt, Inc., an Illinois Corporation, Plaintiff-Appellee, v. Hickory Hotel Company, Inc., an Illinois Corporation, MacArthur Hotels, Inc., an Ohio Corporation, Stanley W. Epstein, and Plaza Hotels, Inc., an Illinois Corporation, Defendants, Ben Epstein and Leonard Epstein, Defendants-Appellants.

### Gen. No. 10,188.

Third District.

February 17, 1959.

Released for publication March 5, 1959.

James T. Mohan, Stevens, Herndon & Nafziger, of Springfield (Charles D. Stein, Gottlieb & Schwartz, of counsel) for Ben Epstein and Leonard Epstein, defendants-appellants.

Stifler & Snyder, of Danville, for plaintiff-appellee.

JUDGE CARROLL delivered the opinion of the court.

This action was brought to recover rent alleged to be due plaintiff under a lease of its hotel building in Danville, Illinois. Trial by the court resulted in a finding and judgment for plaintiff against all defendants except Stanley W. Epstein who was not served with summons. The individual defendants, Ben Epstein and Leonard Epstein, who will be referred to herein as defendants, have appealed.

The significant facts do not appear to be in dispute. On June 1, 1953, plaintiff leased the premises involved, referred to in the record as the Plaza Hotel, to the defendant, Hickory Hotel Co., Inc., for a term commencing June 1, 1953 and ending January 10, 1967 at a minimum monthly rental of $2,450. The lease provided that it might not be assigned without the written consent of the lessor and that such assignment would not release the personal liability of the lessee thereunder. On April 1, 1955, the lessee assigned said lease to the defendant, MacArthur Hotels, Inc., to which assignment plaintiff gave its written consent. On October 11, 1955, defendants Leonard S. Epstein, Ben Epstein and Stanley W. Epstein entered into a written agreement with the Bankers Life and Casualty Company whereby the latter agreed to exchange certain hotel properties, including the Plaza Hotel leasehold, and $600,000 in cash for all of the capital stock of American Airmotive Corp., which was wholly owned by the Epsteins. At the time of the making of the exchange agreement, the Plaza Hotel was the property of Bankers Life and Casualty Company of which MacArthur Hotels, Inc. was a subsidiary. The said exchange agreement provided for the assignment of the Plaza Hotel leasehold to the Epsteins. On October 11, 1955, MacArthur Hotels, Inc. assigned all of its interest in the Plaza Hotel lease to the individual defendants, Ben, Leonard and

407

Stanley Epstein and plaintiff consented to said assignment. The assignment to the Epsteins was made subject to the payment of rent and performance and observance of all the terms, conditions and stipulations contained in the lease. On October 21, 1955, the defendants directed Bankers Life and Casualty Company and Hickory Hotel Co., Inc. to turn over to Securities Service Corporation all records and data pertaining to the hotel properties purchased by the defendants under the agreement of October 11, 1955. On the date of said assignment the defendants Ben and Leonard Epstein went into possession of the Plaza Hotel through their managing agent, Securities Service Corporation, and continued in such possession and received the rentals from the property until January 6, 1956. On this last mentioned date, Plaza Hotels, Inc. was incorporated. The defendants were shareholders in and officials of said corporation; Ben being President and Leonard, secretary thereof. On or about January 16, 1956, MacArthur Hotels, Inc. executed another assignment of the lease running to the newly organized Plaza Hotels, Inc. This assignment which bears no date, contains the following recital:

"Whereas, said lease was subsequently assigned by MacArthur Hotels, Inc. to Ben Epstein, Leonard Epstein and Stanley W. Epstein under assignment dated the 11th day of October, 1955, and the parties hereto desire to revoke said assignment and substitute in lieu thereof this instrument of assignment of said lease."

Plaintiff's consent to said assignment reads as follows:

"The undersigned Lessor hereby consents to the foregoing assignment of lease on condition that neither such assignment nor acceptance of rent from the assignee shall relieve or release MacArthur Hotels, Inc. from its obligation under the terms and provisions of said lease, and on further condition that Plaza Hotel,

Inc., an Illinois corporation, shall perform to the undersigned, as lessor, the terms, covenants and conditions of said lease on the part of the lessee to be performed effective as of and commencing on October 10, 1955 and continuing for the balance of the lease term and any renewals thereof."

It also contains an acceptance on the part of the assignee which is as follows:

"The undersigned, Plaza Hotel, Inc., an Illinois corporation, does hereby accept the foregoing assignment and does hereby assume and agree to perform all of the terms, covenants and conditions of the above described lease on the part of the lessee therein named to be performed effective as of and commencing on October 10, 1955, and continuing for the balance of the lease term and any renewals thereof, it being expressly understood and agreed that the assumption of any and all liabilities by the undersigned, Plaza Hotel, Inc., is limited to liabilities arising after October 10, 1955."

Charles Stein, one of defendants' attorneys, testified that he was retained by defendants in November, 1955, after the exchange agreement had been executed; that the first time he saw the assignment from MacArthur Hotels, Inc. to defendants was on December 22nd or 23rd, 1955; that in January, 1956, he told plaintiff's attorney that he would not permit his clients to assume liability under the lease; that he advised plaintiff's attorney that he desired an assignment of the lease to Plaza Hotels, Inc. a corporation which was to be formed with minimal assets of $1,000 and that he later prepared the assignment to said corporation.

The record further discloses that as of January 1, 1956, rent in the amount of $2,450 was due under the lease; that defendants held up payment thereof until after the incorporation of Plaza Hotels, Inc. on January 6, 1956 and that thereupon the rent due to that date was paid by defendants. Thereafter Plaza Hotels, Inc.

paid rent until January, 1957, at which time it defaulted in its rent payments.

Defendants' argument for reversal rests essentially on the proposition that they never assumed the obligations of the lessee under the lease and accordingly when they surrendered possession following the assignment to Plaza Hotels, Inc. their liability for rent ceased.

 Where the assignee of a long term lease does not assume the obligations and covenants thereof to pay rent, he is not liable for such rent after he has assigned his lease and surrendered possession of the demised premises. This rule has been adhered to in many cases. Consolidated Coal Co. v. Peers, 166 Ill. 361; Springer v. DeWolf, 194 Ill. 218; Waxenberg v. J. J. Newberry Co., 302 Ill. App. 128.

 It logically follows that in the instant case the controlling question is whether the record shows existence of a contractual relationship between plaintiff and defendants under which the latter expressly agreed to pay rent until the expiration of the term of the lease. The assignment of October 11, 1955 from MacArthur Hotels, Inc. to defendants makes no reference to the assumption by defendants of the obligations of the lessee under the lease. It provides only for the assignment of lessor's interest under the lease and that defendants shall hold same "subject to the payment of rent and performance and observance of all the terms, conditions and stipulations therein contained." This constituted a mere naked assignment under which defendants assumed no greater liability than that arising from the transfer of the lease. In other words, their liability was based on privity of estate only and did not extend beyond the covenants of the lease running with the land which included the covenants to pay rent. The assignment to Plaza Hotels, Inc. was made

410

by MacArthur Hotels, Inc. It does not bear the signatures of defendants but does as we have previously noted, recite that it is executed in lieu of the assignment of October 11, 1955. Plaza Hotels, Inc. accepted this assignment and assumed and agreed to perform all covenants of the lease as of October 10, 1955. Plaintiff consented to said assignment on condition that it did not release the assignor from its obligations under the lease and on the further condition that Plaza Hotels, Inc. perform the lessee's covenants under the lease for the balance of its term. Admittedly, the failure of Plaza Hotels, Inc. to pay rent broke one of these conditions but this did not create privity of contract between plaintiff and defendants. The right of plaintiff to impose conditions in consenting to this assignment is undisputed but having specifically prescribed these conditions and the effect of a breach, it cannot now add to or enlarge upon the same. So far as express assumption of liability by defendants is concerned, we see no distinction between the original and substitute assignment. In neither instrument did defendants assume performance of the covenants of the lease and therefore privity of contract was not created in either instance. As a result, defendants are liable to plaintiffs only by reason of privity of estate and upon assignment of the lease to Plaza Hotels, Inc. and transfer of possession, their liability for rent ended. Consolidated Coal Co. v. Peers, supra.

Furthermore, we think the language of the conditional consent clearly refutes any contention that plaintiff regarded it as affecting any liability of defendants under the lease. If as plaintiff now argues, the defendants by the original assignment assumed the lease, then it would reasonably seem to follow that its consent to the substitute assignment would not have been given except upon the express condition that de-

411

fendants were not thereby released from their assumed liability.

The most reasonable explanation for the failure of plaintiff to refer to the liability of defendants in its consent to the Plaza Hotels, Inc. assignment would seem to be plaintiff's awareness of the fact that defendants had not previously assumed the lease.

Plaintiff further urges that under the assignment of the lease by Bankers Life and Casualty Company to defendants as a part of the assets conveyed by the exchange agreement between said parties, the defendants became liable for the rent during the remainder of the term of the lease and cites Kewanee Boiler Corp. v. American Laundry Machinery Co., 289 Ill. App. 482; Johnston v. Messinger, 226 Ill. App. 397; and Kagan v. Gillett, 269 Ill. App. 311.

An examination of these cases discloses that in each instance the assignee expressly assumed the lessee's obligations under the lease involved and agreed to perform all of the covenants thereof, including that to pay rent. Liability in these cases was predicated upon the defendants' contract of assumption. This essential element being absent in the instant case, the authorities cited are not in point.

For the reasons herein stated, the judgment against the defendants, Ben Epstein and Leonard Epstein is reversed.

Judgment reversed as to defendants, Ben Epstein and Leonard Epstein.

ROETH, P. J. and REYNOLDS, J., concur.